```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
IAN BUCHANAN,

                    Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               10-CV-3175(JS)(ETB)
SHARON UMHOEFER,

                    Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Robert M. Cipriano, Esq.
                    Law Office of Robert M. Cipriano, P.C.
                    136 East Main Street
                    East Islip, NY 11730

For Defendant:      Scott A. Lazar, Esq.
                    Barrett Lazar, LLC
                    145 W Passaic Street
                    Maywood, NJ 07607
```

SEYBERT, District Judge:

Plaintiff Ian Buchanan ("Plaintiff") sued Defendant Sharon Umhoefer ("Defendant") for personal injuries arising out of an accident that happened when a table saw that Plaintiff was operating at Defendant's New Jersey home kicked back and partly amputated several of Plaintiff's fingers. Plaintiff filed his case in New York Supreme Court, Suffolk County, and Defendant removed it to this Court. Pending before the Court is Defendant's motion to transfer this case from the Eastern District of New York to the District of New Jersey (Docket Entry 12); for the following reasons, this motion is DENIED.

DISCUSSION

District courts may transfer a matter from one venue to another "for the convenience of the parties and witnesses, in the interest of justice." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006) (quoting 28 U.S.C. § 1404(a)). Courts have broad discretion in deciding whether a transfer is warranted, and they consider factors that include: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." D.H. Blair, 462 F.3d at 106-07 (quoting Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002).

Defendant argues a transfer is warranted because virtually all aspects of the litigation concern New Jersey: Plaintiff lives in New Jersey, the accident happened in New Jersey, Plaintiff's medical treatment occurred in New Jersey, and the table saw is currently being stored in New Jersey. Further, Defendant argues, the court that hears this case will have to apply New Jersey law. In this case, these considerations do not outweigh Plaintiff's decision to file this suit in New York, his home state.

A Plaintiff's choice of forum is given great weight. Id. at 107; Matta v. Roswell Park Cancer Institute Corp., No. 11-CV-0599, 2011 WL 3104889, at *3 (S.D.N.Y. July, 26, 2011); Schwartz v. Marriott Hotel Services, Inc., 186 F. Supp. 2d 245, 251 (E.D.N.Y. 2002) ("A plaintiff's choice of forum is generally entitled to considerable weight and should not be disturbed unless other factors weigh strongly in favor of transfer."). That deference is particularly strong where a plaintiff sues in his home state. Fellus v. Sterne, Agee & Leach, Inc., __ F. Supp. 2d __, 2011 WL 1218838, at *4 (S.D.N.Y. Mar. 29, 2011). To the extent the other factors weigh in favor of a transfer, they do so only slightly.

Defendant argues that Plaintiff's doctors will be inconvenienced if they are required to travel to Long Island to testify. The Court questions how material these doctors' testimony will be because the nature of Plaintiff's injuries will be self-evident. See Schwartz, 186 F. Supp. 2d at 250 (materiality of witness' testimony is a consideration in the convenience analysis). In any event, the distance between these two venues is small enough that any inconvenience is relatively minor. See id. (distance between the Eastern District of New York and the District of New Jersey weighs only slightly in favor of transfer).

The remaining factors do not tip the scale towards a transfer. The locus-of-facts and access-of-proof factors are nearly neutral. This is a not a document-intensive case, and the relevant materials are easily shipped or carried from one venue to another. See id. This is true even if it means using three people to load the saw into a truck, as Defendant claims (Def. Reply at 4-5); the table saw will have to be brought to a courthouse, and the Court thinks the difference in travel time between Newark and Central Islip should not deprive Plaintiff of his choice of forum. The convenience-of-parties factor is neutral; although Defendant lives in New Jersey, Plaintiff lives on Long Island and "[a] transfer of venue should not merely shift the burden of inconvenience from one party to another." Id. The ability-to-compel factor is neutral because there is no suggestion that any of Defendant's witness will be unwilling to testify and, moreover, they are likely within subpoena power of this Court. Id. at 250-51. Finally, to the extent it has information bearing on the relative means of the parties, the Court finds this factor neutral as well.

The venue-transfer provision was "designed and reserved for those instances where the transfer was sought to a District Court substantially distant from the district where the action had been instituted; otherwise it is difficult to imagine that there could be real inconvenience to the parties or

witnesses." Id. at 251 (quoting Jenkins v. Wilson Freight Forwarding Co., 104 F. Supp. 422, 425 (S.D.N.Y. 1952). Plaintiff opted to sue in New York, and Defendant has not established a good reason for denying Plaintiff his chosen forum.

## CONCLUSION

Defendant's motion to transfer this case to the District of New Jersey is DENIED.


SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  3 , 2011
Central Islip, New York

5